Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDRIC VIVONI FARAGE<br><br>Apelante<br><br><br>v.<br><br><br><br>MUNICIPIO AUTÓNOMO DE CAGUAS<br><br>Apelado | KLAN202400597 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2023CV00422<br><br>Sobre:<br><br>Revisión Administrativa |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece Edric Vivoni Farage ("Apelante" o "Sr. Vivoni") mediante escrito de apelación y solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas ("TPI" o "foro de instancia") el 22 de mayo de 2024. Mediante dicha *Sentencia* el foro de instancia declaró *No Ha Lugar* el recurso de revisión administrativa instado por el Apelante.

Con el beneficio de la comparecencia de ambas partes y por los fundamentos que exponemos a continuación, **confirmamos** el dictamen apelado.

-I-

A continuación, exponemos los hechos pertinentes ante nuestra consideración.

Número Identificador
SEN2024 _____

Según surge de los autos del caso, el 8 de octubre de 2022 el Sr. Vivoni visitó un restaurante en el pueblo de Caguas y estacionó su vehículo frente al establecimiento, en un espacio reservado para personas con impedimentos, el cual estaba identificado con pintura azul. Ahora bien, el vehículo del Apelante no tenía el rótulo removible[1] demostrativo de autorización para ocupar dicho estacionamiento[2]. Ante tales circunstancias, el agente municipal Vicente expidió un boleto con una multa ascendente a $1,000.00 en violación al Artículo 2.006 de la Ordenanza #14, Serie 2019-2020 del Municipio Autónomo de Caguas.

Inconforme con la imposición de la multa, el 24 de octubre de 2022 el Sr. Vivoni presentó un recurso de revisión[3] solicitando una Vista Administrativa y la revisión del boleto expedido. Luego de celebrada la Vista, el Tribunal Administrativo Municipal ("foro administrativo") emitió una Resolución[4] declarando *No Ha Lugar* la impugnación del boleto. Así las cosas, el 29 de diciembre de 2022[5], el Apelante presentó un recurso de Reconsideración[6] ante el foro administrativo, el cual fue declarado *No Ha Lugar* mediante Resolución emitida el 11 de enero de 2023.

Inconforme, el 10 de febrero de 2023, el Sr. Vivoni presentó un recurso de revisión administrativa ante el TPI. Luego de la celebración de la vista en su fondo, el

---

[1] También conocido como "Carnet de impedido".
[2] Además, según surge de la Sentencia apelada y conforme a la prueba presentada en la vista en su fondo, el Apelante no pudo demostrar que estuviera autorizado a ocupar el estacionamiento al momento de los hechos.
[3] Véase Apéndice del recurso apelativo, págs. 15 y 16.
[4] Véase Apéndice del recurso apelativo, págs. 20-22.
[5] La Reconsideración que obra en los autos del caso tiene fecha de 29 de diciembre de 2022. Sin embargo, según la Resolución emitida por el foro administrativo, dicha moción fue presentada el 9 de enero de 2023.
[6] Véase Apéndice del recurso apelativo, págs. 23 y 24.

foro de instancia determinó que el Apelante no demostró estar autorizado para ocupar el estacionamiento el día de los hechos. Por todo lo cual, el 22 de mayo de 2024 el TPI declaró *No Ha Lugar* el recurso de revisión administrativa.

Así las cosas, el 17 de junio de 2024, el Sr. Vivoni presentó un recurso de Apelación ante esta Curia. En síntesis, el Apelante alega que el estacionamiento de impedidos no estaba debidamente rotulado, en la medida en que la pintura que utilizaron para la acera era de un color azul oscuro, no reflectiva y que, debido a la lluvia, era imperceptible. Además, el Sr. Vivoni alega que el parquímetro que se encontraba en el estacionamiento "*constituye una invitación, para cualquier ciudadano común, a estacionarse, ya que transmite la idea de que el espacio es para aparcarse.*"[7]

Por su parte, el 3 de julio de 2024, el Municipio Autónomo de Caguas ("Municipio" o "Apelado") presentó su *Alegato en Oposición a Recurso de Revisión*. Mediante su escrito, el Municipio alega que el Sr. Vivoni no pudo acreditar estar autorizado a utilizar el estacionamiento designado a personas con impedimentos, por lo que este Tribunal debe confirmar el dictamen emitido por el TPI. Veamos.

-II-

La *Ley de Vehículos y Tránsito de Puerto Rico[8]* ("*Ley de Vehículos y Tránsito*") dispone que el Secretario expedirá permisos para estacionar en áreas designadas para personas con impedimentos. Dichos permisos serán en forma de rótulos removibles y se le concederá a toda

---

[7] Véase recurso apelativo, pág. 5.
[8] Ley Núm. 22 de 7 de enero de 2000, según enmendada.

persona cuyo impedimento permanente o de duración indefinida le dificulte el acceso a lugares o edificios por estar limitada sustancialmente su capacidad de movimiento, esto sujeto a ciertas normas.[9]

Por su parte, el Artículo 2.29 de la referida legislación, dispone lo siguiente:

> Toda persona que se estacione u obstruya un área designada como área de estacionamiento para personas con impedimentos, **sin estar debidamente autorizado para ello y/o sin estar exhibiendo el correspondiente rótulo removible,** incurrirá en falta administrativa y será sancionada con multa de mil (1,000) dólares.[10]

A base de los artículos antes citados, el Municipio de Caguas promulgó la Ordenanza Municipal Núm. 14.[11] En lo pertinente, dicha Ordenanza señala que:

> Ninguna persona, podrá, parar, detener o estacionar un vehículo con o sin ocupantes en un área reservada o designada para estacionamiento de personas con diversidad funcional, **sin estar autorizado para ello y tener claramente visible a través del cristal delantero de su vehículo un distintivo expedido por el DTOP, indicativo de que el conductor de dicho vehículo está debidamente autorizado.**[12]

-III-

Según la prueba que consta en los autos del caso – y la que fue evaluada en el foro de instancia – al momento de los hechos el Sr. Vivoni no poseía la autorización para ocupar los estacionamientos reservados a personas con impedimentos. Por lo tanto, no tenía el rótulo removible en su vehículo, según requiere la

---

[9] 9 LPRA § 5026.
[10] 9 LPRA § 5030. Énfasis suplido.
[11] Ordenanza Núm. 14 del año fiscal 2019-2020, según enmendada.
[12] Véase el Artículo 2.006 – *Estacionamiento Reservado para Personas con Diversidad Funcional*, de la Ordenanza Núm. 14, Serie 2019-2020.

legislación. Conforme con lo anterior, forzoso nos es concluir que el Sr. Vivoni incurrió en una falta administrativa que la legislación sanciona con una multa de $1,000.00.

Por otro lado, debemos señalar que los argumentos del Apelante son inmeritorios. La *Ley de Vehículos y Tránsito* es clara[13] respecto a los requisitos que se deben cumplir al utilizar un estacionamiento designado a personas con impedimentos, a saber: estar autorizado por el Secretario del *Departamento de Transportación y Obras Públicas de Puerto Rico* ("DTOP") a ocupar dichos estacionamientos y tener visible en el cristal delantero del vehículo el rótulo que lo acredita. Por lo tanto, toda persona que haga uso de este tipo de estacionamiento sin cumplir con lo antes señalado será sancionada.

-IV-

Por los fundamentos antes esbozados, **confirmamos** el dictamen emitido por el TPI.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Nuestro ordenamiento jurídico establece que: *"cuando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu"*. 31 LPRA § 5341.